# NO. 12-16-00261-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LATOYA SEKEITHA ERWIN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Latoya Sekeitha Erwin appeals her conviction for criminal trespass. In one issue, Appellant challenges the legal sufficiency of the evidence to support her conviction. We affirm.

### BACKGROUND

Appellant was charged by information with the offense of criminal trespass, a Class B misdemeanor.[1] Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of criminal trespass as charged in the information. The jury assessed her punishment at confinement in the county jail for a term of sixty days. However, the jury also determined that Appellant had never been convicted of a felony, and recommended that she be placed on community supervision for the term of her confinement. The trial court adjudged Appellant guilty of criminal trespass as charged in the information and placed her on community supervision for twenty months. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 30.05(d)(1) (West Supp. 2016) ("An offense under this section is a Class B misdemeanor[.]").

In her sole issue, Appellant argues that the evidence is legally insufficient to support her conviction. More specifically, she contends that she received effective consent to lawfully enter the property.

**Standard of Review**

In Texas, the ***Jackson v. Virginia*** standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. ***Padilla v. State***, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Brooks***, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. ***Hernandez v. State***, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

**Applicable Law**

A person commits the offense of criminal trespass if the person enters or remains on or in property of another, including residential land, without effective consent and the person (1) had notice that the entry was forbidden, or (2) received notice to depart but failed to do so. TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2016). "Notice" means oral or written communication by the owner or someone with apparent authority to act for the owner. ***Id.*** § 30.05(b)(2). "Residential land" means real property improved by a dwelling and zoned for or

otherwise authorized for single-family or multifamily use. *Id.* § 30.05(b)(11). "Consent" means assent in fact, whether express or apparent. *Id.* § 1.07(11) (West Supp. 2016). "Effective consent" includes consent by a person legally authorized to act for the owner. *Id.* § 1.07(19). "Consent" is not effective if given by a person the actor knows is not legally authorized to act for the owner. *Id.* § 1.07(19)(B).

<u>Analysis</u>

In her brief, Appellant argues that the evidence is insufficient to support her conviction because she received effective consent to return to the property. She contends that she took affirmative steps to remove the criminal trespass warning, and that she believed the warning no longer existed. Thus, she argues, the evidence is insufficient to establish that she entered or remained on the property of another without effective consent and had notice that the entry was forbidden. *See id.* § 30.05(a).

At trial, Elizabeth Shepherd stated that she had been the property manager of The Park at Shiloh, an apartment complex, for ten years. She testified that, on May 18, 2015, she gave Appellant a verbal criminal trespass warning in the presence of law enforcement and Catherine Frederick, the assistant property manager. According to Shepherd, law enforcement explained what would happen if Appellant returned to the property. Shepherd stated that she never rescinded the criminal trespass warning to allow Appellant to return to the property. Further, she never discussed rescinding the criminal trespass warning with Appellant. Shepherd left her position as property manager with The Park in August 2015.

Amanda Warren testified that she had been the property manager at The Park since September 2, 2015. She never came into contact with the Appellant, and never knew that Appellant was present on the property. She was not aware that a criminal trespass warning had been issued against Appellant in May 2015. Frederick did not recall if she told Warren about Appellant's trespass warning before Appellant was arrested. Neither Frederick, Warren, nor Shepherd gave Appellant permission to come back on to the property or rescinded the trespass warning.

Brian Russell, a patrol officer with the Tyler Police Department, stated that on December 26, 2015, he responded to a disturbance at The Park. He was told that Appellant was present and was not supposed to be at the property. He knocked on the apartment door, identified Appellant, and began to conduct an investigation. He discovered that Appellant had been given a previous

criminal trespass warning. Appellant explained to Russell that she knew that she had been given a trespass warning, but believed it had been "lifted." Russell investigated her allegations, but discovered that there was no documentation or report rescinding the trespass warning. Thus, he stated, the trespass warning was still valid. At that point, Russell said, he placed Appellant under arrest for criminal trespass.

Appellant testified that when she was verbally warned by Shepherd to leave The Park, she did so. She was also "under the impression" that Shepherd would begin working on resolving the issue "immediately." According to Appellant, she returned to The Park's property office in October 2015. She spoke to Warren about returning to the property, and was under the impression that no record of a trespass warning existed. However, she was never "directly" told by any of the property managers that she could return to the property.

Neither Warren nor Frederick recalled Appellant coming to the property office in October 2015 to inquire about the status of the trespass warning. More specifically, Frederick did not recall Appellant coming to the property office, determining that there was no record of the trespass warning, and motioning or nodding to Appellant that it was "okay" for her to come onto the property. She did not believe that it happened. However, both Warren and Frederick testified regarding Appellant's attempts to discuss the trespass warning after her arrest in December 2015. Frederick stated that in the spring of 2016, Appellant came to the property office regarding the trespass warning. According to Warren, Appellant's grandmother came to the property office about a month before trial with some paperwork regarding the trespass warning.

From this evidence, the jury reasonably could have determined that Appellant had been verbally warned by the property manager of The Park, and in the presence of law enforcement, not to return to the property, and that Appellant entered the property on December 26, 2015. *See id.* The jury could have also determined that the property managers did not rescind the trespass warning, nor gave Appellant permission to enter the property. Regarding her alleged attempt to have the trespass warning rescinded and whether she had effective consent to enter the property, it is the jury's province to resolve any conflicts in the record, and we must presume that it did so in favor of the prosecution. *See Clayton*, 235 S.W.3d at 778. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found each element of criminal trespass beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 30.05(a);

4

*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 912. We overrule Appellant's sole issue on appeal.

**DISPOSITION**

Having overruled Appellant's sole issue on appeal, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-16-00261-CR**

**LATOYA SEKEITHA ERWIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-81504-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*